

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**MELVIN MCCULLOUGH,**

        Plaintiff,

v.                                                Civil Case No. 1:14cv1308 LO/JFA

**EQUIFAX INFORMATION SERVICES, LLC**

SERVE:    Corporation Service Company, Reg. Agent
               Bank of America Center, 16th Floor
               1111 East Main Street
               Richmond, VA 23219

and

**TRANS UNION, LLC**

SERVE:    Corporation Service Company, Reg. Agent
               Bank of America Center, 16th Floor
               1111 East Main Street
               Richmond, VA 23219

        Defendants.

## COMPLAINT

The Plaintiff, MELVIN MCCULLOUGH, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendants pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

1. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

3. The Plaintiff, MELVIN MCCULLOUGH ("Mr. McCullough"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged

in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. After discovering he was a victim of identity theft and that someone used his GECRB/Brook's Brothers credit card without his permission, Mr. McCullough sent several letters to the credit reporting agencies disputing the charges and the balance on his account.

11. In his letter, Mr. McCullough explained that, unbeknownst to him, someone had stolen his credit card and made a series of purchase, mostly at a women's hair salon, amounting to over $11,000.

12. In his letters, Mr. McCullough provided a handwriting exemplar so that the credit reporting agencies could verify that the information was inaccurate.

13. On October 10, 2012, Trans Union forwarded its Investigation Results to Plaintiff, which indicated that Trans Union verified that the account belonged to Mr. McCullough and the balance was properly reported.

14. After receiving Trans Union's Investigation Results, Plaintiff forwarded another letter to Trans Union, providing additional information regarding the theft and once again disputing the account.

15. Despite his second dispute letter, Trans Union mailed Investigation Results dated December 6, 2012, which once again indicated that Trans Union verified that the account belonged to Mr. McCullough and the balance was properly reported.

16. Similarly, Mr. McCullough sent at least three different dispute letters to Equifax, at least one of which included a police report filed by Mr. McCullough. On three separate occasions, Equifax mailed Investigations Results to Mr. McCullough that claimed that it verified the account belonged to him and was reporting correctly.

17. These Investigation results are dated March 13, 2013, April 29, 2013, and May 31, 2013.

18. Trans Union and Equifax's continued reporting of the account was false. Mr. McCullough did not incur the credit card charges and did not authorize anyone to do so. Therefore, the credit reporting agencies were not legally permitted to report the charges as belonging to Mr. McCullough and remaining unpaid.

19. Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

20. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

21. On numerous occasions, Defendants Equifax and Trans Union furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (*EQUIFAX and TRANS UNION*)

22. Plaintiff reiterates and incorporates the allegations above as if fully set out herein.

4

23. Defendants Equifax and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

24. As a result of the conduct, actions and inactions of each of the Defendants Equifax and Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

25. Equifax and Trans Union's conduct actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

26. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### *(EQUIFAX AND TRANS UNION)*

27. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

28. Defendants each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

29. As a result of the conduct, actions and inactions of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30. Defendants' conduct, actions and inactions were willful rendering each Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)(A)
### *(EQUIFAX AND TRANS UNION)*

32. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

33. Defendants each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide GECRB/Brook's Brothers with all the relevant information regarding Plaintiff's disputes.

34. As a result of the conduct, actions and inactions of the Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. Defendants' conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

36. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### *(EQUIFAX AND TRANS UNION)*

37. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

38. Defendants Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

39. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

40. Defendants' conduct, actions and inactions were willful, rendering each Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

41. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### *(EQUIFAX AND TRANS UNION)*

42. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

43. Defendants each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

44. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

45. Defendants' conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**MELVIN MCCULLOUGH**

By _/s/ Andrew Guzzo_
Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7570 - Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Mr. McCullough*